UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

ALONZO MOREFIELD, JR., )
)
    Plaintiff, )
)
v. ) Case No. CV607-054
)
STEVE DUPREE, JAMIE GATES, )
RICKY FOSKEY, BRIAN OLIVER, )
RONALD KING, ANDREW )
ROUNDTREE, STEPHANIE )
CARTER, and ALL COUNSELORS )
AND SUBORDINATES OF STEVE )
DUPREE, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

On September 7, 2007, plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). Upon further review, however, it appears that plaintiff is barred from proceeding IFP due to the three strikes provision of 28 U.S.C. § 1915(g). See McKenzie v. U.S. Dep't of Justice, 143 F. App'x 165 (11th Cir. 2005) (per curiam) (district court may

revisit earlier order allowing prisoner suit to proceed). Consequently, plaintiff's complaint should be **DISMISSED**.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under § 1915. In order to proceed IFP, however, prisoners must satisfy § 1915(g), which states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the

complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in federal court who has exceeded the "three strikes" permitted by § 1915(g). See Morefield v. Smith, No. 07-12889-G (11th Cir. Oct. 5, 2007) (frivolous appeal); Morefield v. United States, No. CV105-2126 (N.D. Ga. Sept. 27, 2005) (habeas petition recharacterized as § 1983 action and dismissed as frivolous); Morefield v. London Corr. Inst., No. C2-91-511 (S.D. Ohio June 21, 1991) (§ 1983 action dismissed as frivolous).[1]  Accordingly, without a showing of "imminent danger of serious physical injury," plaintiff's complaint should be dismissed without prejudice.

In order to come within the "imminent danger" exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing

---

[1] Under Rivera v. Allin, "federal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted prior to April 26, 1996." 144 F.3d 719, 732 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007).

3

Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. CV06-496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Here, plaintiff complains of the confiscation of certain items from his cell. (Doc. 1 at 7-10.) He primarily focuses on the confiscation of his legal research and other paperwork, but he also contends that Officer Dupree confiscated certain medications and that the confiscation made his chronic sinus condition worsen and caused him to experience "severe side-effects" when he takes his mental health medication. (Id. at 8.) He has not indicated whether the deprivation of his medication is ongoing, and his conclusory allegation that he suffers from "side-effects" is not grounded in specific facts and cannot invoke the § 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). Nowhere in his complaint does

plaintiff come close to alleging that any of the complained of behavior placed him in imminent danger of serious physical injury.

The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing baseless claims and to exact a penalty when they continue to do so. For the reasons stated above, plaintiff's complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 28 day of October, 2008.

<u>/s/ M. Smith</u>
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**