UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ALONZO MOREFIELD, JR.,

    Plaintiff,

v.                607CV054

STEVE DUPREE, *et al.*,

    Defendants.

## ORDER

In a Report and Recommendation (R&R), a Magistrate Judge (MJ) advises this Court to dismiss inmate/plaintiff Alonzo Morefield, Jr.'s 42 U.S.C. § 1983 case because he has struck out under 28 U.S.C. § 1915(g)'s three-strikes rule[1] (after filing 3 frivolous lawsuits, inmates are permitted no further lawsuits absent an "imminent danger" showing). Doc. # 47.

Prior to the R&R, the MJ issued an Order directing Morefield to show cause why this Court should not dismiss his case because on his IFP paperwork he lied to this Court about the number of prior lawsuits that he had filed (inmates seeking to avoid the § 1915(g) bar naturally have an incentive to "forget" about prior lawsuits). Doc. # 38. The MJ then granted plaintiff two extensions of time to make that showing. Doc. # 40; # 42 ("This is his FINAL extension").[2]

Morefield responded to the show-cause Order on 8/4/08. In it he claimed that his omission was not intentional, he is not a lawyer, and he apologized. Doc. # 43. Subsequently, however, he moved for yet more time, explaining that he needed it to contact an Ohio federal district court clerk to get information on two prior lawsuits that he had filed in that court. Doc. # 45 at 1.

That motion is still pending. The MJ presumably ignored it because of his previous "final" ruling (hence, no more extensions). The MJ also never did directly follow-up on his show-cause Order, but instead resorted to invoking § 1915(g). His R&R explains that

> [p]laintiff is a frequent filer in federal court who has exceeded the "three strikes" permitted by § 1915(g). *Morefield v. Smith*, No. 07- 12889-G (11th Cir. Oct. 5, 2007) (frivolous appeal); *Morefield v. United States*, No. CV1O5-2126 (N.D. Ga. Sept. 27, 2005) (habeas petition recharacterized as § 1983 action and

---

[1] That section says:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g), *cited in Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008); *see also Prescott v. Lawton*, 2008 WL 4513609 at * 1 (S.D.Ga. 10/6/08) (unpublished).

[2] Irritatingly, Moorefield couples his extension motions with "motion for status of the case" language. Read in context, this essentially requests that the Court tell him "what's up" with his case. The MJ understandably ignored this when he reached motion # 41, but the Clerk did not (hence, the "what's up" portion of # 41 is still on the Court's pending motion list). Motion # 41 is *denied*. And all future "status" motions will be denied. Inmates seeking information on "what's up" with their lawsuits must rely on the docket and the copies of their filings, as well as rulings that they receive from the Court. They may *not* ask the Clerk or a judge to provide them with what amounts to a status report or periodic update on what is going on with their case. Lawyers, not courts, provide such "informational service" on a case. And unrepresented parties must do that for themselves.

dismissed as frivolous); *Morefield v. London Corr. Inst.*, No. C2-91-511 (S.D. Ohio June 21, 1991) (1983 action dismissed as frivolous). Accordingly, without a showing of "imminent danger of serious physical injury," plaintiff's complaint should be dismissed without prejudice.

Doc. # 47 at 3. Because Morefield made no such "imminent danger" showing, the MJ thus advises this Court to dismiss this case without prejudice. *Id.* at 4-5.

Just prior to the R&R's issuance, however, Morefield filed a change of address, doc. # 46, and he moved for an extension of time within which to file his F.R.Civ.P. 72(b) Objections. Doc. # 50. He represents that he needs another 90 days while he tries to obtain documentation on *two* 1991 Ohio cases, which he "forgot" about.[3] *Id.* at 1.

The Clerk served the R&R on Moorefield at his latest address, doc. # 47,[4] so plaintiff is presumed to have timely received the R&R. The Court denies his "status" and "extension" motion (doc. # 50), since it finds that his "Ohio" cases are immaterial. The show-cause Order identified 4 other civil rights cases and 2 other habeas cases that Moorefield failed to disclose, doc. # 38 at 2-3, and this omission informs the Court's discretion whether (and it chooses not) to grant plaintiff any more extensions. The bottom line is that, even if Moorefield can show that the Ohio case on which the MJ relied should not count as a strike, he has not rebutted the MJ's charge on the other prior strikes set forth in the show-cause order. Hence, it is time to shut Moorefield's litigation machine down.

Accordingly, the Court *ADOPTS* the R&R (doc. # 47), *DENIES* all pending motions, and *DISMISSES WITHOUT PREJUDICE* plaintiff Alonzo Morefield, Jr.'s Complaint.

This _3_ day of December, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] He thus actually identifies a second Ohio case -- one that was *not* mentioned by the R&R.

[4] *See* doc. # 47 service note: "Alonzo Morefield, Jr. 479955; Valdosta State Prison; 3259 Valtech Rd, Box 310; Valdosta, Ga 31603-0310."